**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TERRY L. CORBER,

Defendant-Appellant.

No. 07-3094
(D.C. Nos. 06-CV-3322-SAC and
04-CR-40003-SAC)
(D. Kan.)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner, a federal prisoner proceeding pro se, seeks a certificate of

appealability to appeal the district court's denial of his § 2255 habeas petition.

Petitioner contends that he received ineffective assistance of counsel in his trial

for distributing crack cocaine because his attorney had him testify in support of

an entrapment defense when the attorney should have known that the facts would

not sustain a jury instruction on entrapment. Petitioner points out that the trial

court's decision not to instruct the jury on entrapment was affirmed by this court

on direct appeal. *United States v. Corber*, 159 F. App'x 54 (10th Cir. 2005). He

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

argues that he would not have testified had the attorney realized, as he should, that the entrapment defense "could not prevail" and indeed that Petitioner's testimony would prejudice his defense. (Doc. 85, Petitioner's Memorandum at 12.)

The district court denied the habeas petition, ruling that defense counsel's strategy was not unreasonable under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The district court pointed out that defense counsel's legal arguments and citations to authority at trial and on appeal showed that he was aware of the relevant law and of the facts of this case. Although counsel's attempts to submit an entrapment defense to the jury were unsuccessful, the court concluded that this was insufficient to prove that counsel's performance was unreasonable. *See id.* at 688; *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) ("For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong.")

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We have carefully reviewed Petitioner's filings, the district court's disposition, and the record on appeal. Nothing in these materials raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the reasons set forth by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge